IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MAURICE LORENZO FLEMING, ) | |
| ) | No. 2:10-cr-0651 |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| _____ ) | |

This matter is before the court on petitioner Maurice Lorenzo Fleming's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, or in the alternative, a motion for summary judgment. For the reasons set forth below, petitioner's motion is denied, and the government's motion for summary judgment is granted.

## I. BACKGROUND

On October 18, 2010, petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On April 29, 2011, the court sentenced petitioner to 37 months imprisonment, to be followed by two years supervised release. In determining petitioner's guideline sentencing range, the court assigned petitioner a criminal history point for a prior misdemeanor criminal domestic violence conviction. Petitioner did not object to his criminal history calculation at sentencing or file a direct appeal.

On March 5, 2012, petitioner filed this motion, arguing that there had been a subsequent change in law which affected his substantive rights. The government responded to petitioner's motion on April 19, 2012, and moved to dismiss the claim,

or in the alternative, for summary judgment. Petitioner filed a response on May 11, 2012.

According to petitioner, Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and United States v. Thompson, No. 11-5059, 2012 WL 1592991 (4th Cir. May 8, 2012), have prompted a retroactive change in law that invalidates the court's use of petitioner's prior conviction in determining his criminal history points. Petitioner argues that because he only received a fine for his prior domestic violence conviction rather than imprisonment, the court should not have assigned a criminal history point for the offense.

## II. STANDARDS

Petitioner appears pro se in this case. Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At

the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255.

### III. DISCUSSION

Petitioner proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In <u>United States v. Anderson</u>, 8 Fed. App'x 206, at *2 (4th Cir. 2001), the Fourth Circuit held,

> [Section] 4A1.2(c) provides that misdemeanor and petty offenses are counted, except for certain offenses listed in subsection (1) and offenses similar to them. Domestic violence is not listed as an excludable offense, and the district court found that it was not similar to the listed offenses, which are all non-violent or can be committed in a manner which does not involve harm to another person. These offenses are only counted if: (1) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (2) the prior offense was similar to the instant offense. Because criminal domestic violence is not a listed excludable offense and is not similar to the listed offenses in that it is a violent offense, we find that the district court did not err in finding that [the defendant's] fines for his prior domestic violence convictions were not excludable under § 4A1.2(c)(1).

This court also finds that criminal domestic violence is not similar to the offenses listed in § 4A1.2(c)(1) or (2), and therefore, the court correctly assigned a criminal history point for the conviction even though petitioner had not received any jail time for the offense. The holdings in <u>Carachuri-Rosendo</u> and <u>Thompson</u> have not changed the <u>Anderson</u> analysis, therefore, petitioner's motion is denied. See <u>Thomas v. United States</u>, No. 08-0020, 2012 WL 525535 (E.D.N.C. Feb. 16, 2012) (holding

3

that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and implicitly Carachuri-Rosendo are "simply not implicated" in the calculation of a petitioner's misdemeanor crimes for criminal history point calculation). Because petitioner's motion clearly fails on the merits, the court need not address the numerous procedural problems with petitioner's claim.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and the government's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 24, 2012**
**Charleston, South Carolina**